

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

October 24, 1974

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 430

Re: Questions concerning
certificate of deposit under
Article 2372 p-3, V. T. C. S.
(S. B. 383, 63rd Leg.), the
Bail Bond Licensing Act.

Dear Mr. Resweber:

The 63rd Legislature enacted Article 2372 p-3, a comprehensive act covering the licensing and regulation of bondsmen. (Acts 1973, 63rd Leg., p. 1520, ch. 550). You have asked us a series of questions concerning it. The constitutionality of this Act was upheld in Robinson v. Hill, 507 S. W. 2d 521 (Tex. 1974).

In counties having a population of 150,000 or more a County Bail Bond Board is created, composed of various county officials, to have authority and control over licenses to be required of bondsmen. (Sections 3 and 5). Section 6 sets out the requirements for a license, one of which is the deposit with the county treasurer of a cashier's check, certificate of deposit, or cash in the amount of $5,000 as one means of guaranteeing that any forfeiture will be satisfied. Section 6(d)(1). Section 6 (f) provides:

> Before application of the cash deposit, cashier's check, or certificate of deposit, or before any action is taken to liquidate property held in trust, the sheriff or his agent shall make demand of the licensee to pay the judgment. In the event of failure or refusal to do so within 30 days of the demand, the sheriff may apply the deposit to pay the judgment or liquidate the trust and apply the proceeds to pay the judgment. The licensee shall keep the sheriff notified of the mailing address to which notice of a judgment may be sent, and the mailing of notices by certified mail to the address provided by the licensee shall be sufficient to comply with the notice requirements of this section.

Your first question is: "In whose favor is the certificate of deposit made in the Bail Bond Act styled S. B. 383?"

The alternatives, it would seem, are that the certificate be made either in the name of the licensee bondsman or in the name of the County Treasurer.

The obvious purpose of the required deposit of Section 6(d)(1) or the execution of a trust deed to the sheriff conditioned that the property may be sold to satisfy a forfeiture (Section 6 (d)(2) ) is to place resources in the hands of the County with which to satisfy a forfeiture without having to resort to court proceedings.

A certificate of deposit, whether or not negotiable, is an acknowledge-ment by a bank of receipt of money with a promise to repay it.  Section 3.104 Texas Business and Commerce Code.  In our opinion if the certificate were payable to the bondsmen, the purpose of the act would be defeated.  We therefore answer your first question that the certificate of deposit should be made in the name of the County Treasurer or in a manner that the sheriff can reduce it to cash without any action by the bondsman.

Your second question asks:  "Who owns the accumulated interest?"

Just as the principle of the certificate of deposit "belongs" to the bondsman until applied to a forfeiture, so too, in our opinion, interest on it also belongs to the bondsman until applied to satisfy a forfeiture.

Your third question is:  "If partial payment occurs on a deposited certificate of deposit, what happens to the residue?  How is the forfeited money replaced?"  Section 6(e), we believe, specifically answers these questions.  It provides:

> The cash deposit or the funds realized from the trust may be used to pay the judgments of any bail forfeitures that result from the person's execution of a bail bond, if the licensee fails to satisfy the judgment within 30 days subsequent to the date of issue by presentment of final

> judgment to the county treasurer. <u>When any sums are depleted from the deposit or trust to pay a judgment resulting from a forfeited bond, the licensee shall, as a condition to continuing as a licensee, replenish the amount so depleted.</u> When the licensee ceases to engage in the business of executing bail bonds and ceases to maintain his license, he may withdraw his security deposit or trust upon presentment of a release by the sheriff, if there are no judgments or bond liabilities outstanding against the license. Any portion of the deposit or trust not used to pay judgments shall be returned to the licensee or his heirs or assigns upon presentment of a release by the sheriff. (emphasis added)

You next ask: "When a certificate of deposit matures, is it to be cashed?"

It would be our opinion that, so long as the bondsman otherwise meets the security requirements of Section 6(d) he may be given authority to withdraw a certificate.

Your fifth question asks: "Is the cashier's check described as one alternative to be cashed or held intact? In whose favor is to be made?"

Section 6(f) <u>supra</u>, speaks of application of the cash deposit, cashier's check, or certificate of deposit. We interpret this to mean that the cashier's check, like the certificate of deposit, is to be kept in that form for use when needed. Also like the certificate of deposit, the cashier's check should be made payable to the County Treasurer.

The court's decision in <u>Robinson v. Hill,</u> <u>supra</u>, specifically answers your sixth question as to the law's constitutionality. Your seventh question asks whether, if the law is constitutional, the bondsman should make the deposit before final approval of the bond "as per section 6, paragraph (d)(1)?"

Subsection 6 (d)(l) calls for the deposit upon notice that the applicant has been _tentatively_ approved.

We therefore answer your seventh and last question in the negative.

## SUMMARY

Certificates of deposit and cashiers checks
deposited to satisfy the bail bondsman's licensing
act should be executed in the name of the County
Treasurer.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg